IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DEBRA S. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 5:15-cv-432 |
| v. ) | |
| ) | |
| WELLS FARGO COMPANY, & ) | |
| JOSHUA HODGIN ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Wells Fargo, N.A.[1] ("Wells Fargo"), and Joshua Hodgin ("Hodgin") (collectively "Defendants"), by counsel and their duly authorized representatives, hereby file this Amended Notice of Removal of the above-captioned action and state as follows:

## BACKGROUND

1. On July 8, 2015, Plaintiff commenced this action against Wells Fargo and Hodgin in the North Carolina General Court of Justice, Superior Court Division, Nash County, Civil Action No. 15-CVS-950 (the "State Court Action").

2. Plaintiff served Defendant Wells Fargo with a copy of the original Complaint on August 15, 2015.

3. Defendants then timely removed this action to this Court on August 28, 2015. *See* Dkt. Entry 1. Thereafter, on August 31, 2015, Defendant Wells Fargo received service of Plaintiff's Amended Complaint, which Plaintiff appears to have filed in the North Carolina

---

[1] Plaintiff improperly named Wells Fargo Company as the defendant in this matter. Plaintiff has at all times been employed by Wells Fargo Bank, N.A.

General Court of Justice, Superior Court Division, Nash County also on August 31, 2015. *See* Exhibit 1.

4. The Summonses, Complaint, and Affidavit of Attempted Service, and Amended Complaint, and Defendant's Notice of Removal to Federal Court (*See* Exhibit 2), which are the only process and pleadings received in the State Court Action, are attached hereto.

5. In her Amended Complaint, Plaintiff appears to allege a claim based on Defendants' purported failure to exercise reasonable care and provide her a safe working environment in the course of her employment with Wells Fargo free from stress and anxiety. *See* Exhibit 1.

6. This Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1), inasmuch as the only properly named Defendant, Wells Fargo, is a citizen of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, Plaintiff's claim in the state court action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7. Defendants shall give written notice to Plaintiff and to the Clerk of the Superior Court of Nash County, North Carolina, pursuant to 28 U.S.C. § 1446(d). A copy of the notice of removal to be filed with the Clerk of the Superior Court of Nash County, without exhibits, is attached hereto as Exhibit 3.

8. The Notice of Removal has been timely filed with this Court within thirty (30) days of receipt by Defendant Wells Fargo of the initial pleading setting forth Plaintiff's claims for relief pursuant to 28 U.S.C. § 1446(d).

9. Defendants, by their counsel and duly authorized agent, do hereby consent to the removal of the State Court Action to this Court.

10. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

11. This action is removable to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. §1332. As demonstrated more fully below, there is complete diversity of citizenship between Plaintiff, and Defendant Wells Fargo, and the citizenship of Defendant Hodgin cannot be considered for purposes of determining diversity 28 U.S.C. §1332, as he has been fraudulently (or improperly) joined. Additionally, the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A. Complete Diversity Between Plaintiff and Defendant Wells Fargo**

12. Plaintiff is a resident of Nash County, North Carolina. *See* Amended Complaint, ¶1.

13. Wells Fargo is, and was at the time the action was commenced, a national banking association with its main office located in the State of South Dakota as designated on its Articles of Association. Such makes Wells Fargo a citizen of South Dakota since the citizenship of a national bank is determined by the location of its designated main office. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Accordingly, for purposes of 28 U.S.C. § 1332 (diversity jurisdiction), Wells Fargo is not a citizen of the State of North Carolina; rather, it is a citizen of the State of South Dakota. *See* 28 U.S.C. 1332(c).

14. Therefore, complete diversity of citizenship existed between Plaintiff and Defendant Wells Fargo at the time Plaintiff filed her Complaint, and complete diversity of

citizenship exists between Plaintiff and Defendant Wells Fargo as of the time of removal of the instant action.

### B. Fraudulent Joinder of Defendant Hodgin

15. The citizenship of fraudulently joined parties is not considered for purposes of determining diversity. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35 (1921); *Hugger v. Rutherford Inst.*, 63 Fed. Appx. 683, 688 (4th Cir. 2003)(finding defendant was a "sham" defendant that could not defeat diversity removal).

16. Here, Defendant Hodgin, whom Plaintiff alleges worked for Defendant in Nash County, North Carolina, *see* Amended Complaint, ¶3, was fraudulently joined in this lawsuit; thus, his citizenship should not be considered.

17. A joinder is fraudulent when "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). When a court addresses fraudulent joinder and determines whether there is any possibility that the Plaintiff will be able to establish a cause of action against the in-state defendant, it looks for reasonable possibility. *See Sheppard v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 7654, *12-13 (W.D.N.C. 2012). That is, the Court should ascertain "whether there is a reasonable basis for predicting liability based on the claims alleged." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005).

18. In the instant action, giving Plaintiff every benefit of the doubt, and reading her Amended Complaint in the light most favorable to her, the only cause of action Plaintiff could remotely be perceived to be alleging against Defendant Wells Fargo or Defendant Hodgin is one for an unsafe working environment and for damages attributable to injuries or conditions suffered because of the same. *See* Exhibit 1.

19. It is well-recognized, however, that in North Carolina, an employee's sole remedy for injuries sustained in the course of employment attributable to an employer's, a co-employee's, or a supervisor's negligence is a workers' compensation claim over which the North Carolina Industrial Commission has exclusive jurisdiction. *See* N.C. Gen. Stat. §97-91; *Zocco v. United States, Dep't of Army*, 791 F. Supp. 595, 598 (E.D.N.C. 1992); *Abernathy v. Consolidated Freightways Corp., 321 N.C. 236, 362 S.E.2d 559 (N.C. 1987).* Therefore, the claims alleged in Plaintiff's Amended Complaint against Defendant Hodgin are the types for which Plaintiff may seek redress only pursuant to the North Carolina Workers' Compensation Act. *See Loftis v. Brown & Williamson Tobacco Corp.*, 1996 U.S. Dist. LEXIS 8255, *22 (M.D.N.C. 1996)(granting defendant's motion to dismiss plaintiff's negligent supervision claim on the grounds the exclusivity provisions of the North Carolina Workers' Compensation Act prevents employees from suing their employer for injuries attributable to the employer's negligence); *Gregory v. Pearson*, 736 S.E.2d 577, 580 (N.C. App. 2012).

20. Accordingly, Plaintiff's claims against Defendant Hodgin are governed exclusively by the North Carolina Workers' Compensation Act and thus no cause of action may exist against Defendant Hodgin in this Court. *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985).

21. Even if Plaintiff's claims were not governed by the North Carolina Workers' Compensation Act, which they are, there is no individual liability for managers in North Carolina for employment-based claims. *See Cox v. Indian Head Indus., Inc.*, 187 F.R.D. 531, 536 (W.D.N.C. 1996).

22. For this reason, "there is no possibility" that Plaintiff would be able to establish a cause of action against Defendant Hodgin. *Marshall*, 6 F.3d at 232. Therefore, Plaintiff has

fraudulently joined Defendant Hodgin, and his citizenship should be disregarded for purposes of determining whether complete diversity of citizenship exists among the parties for purposes of removal. As for the remaining parties, there is complete diversity between Plaintiff and the remaining Defendant Wells Fargo.

### C. Amount in Controversy

23. The amount in controversy in this action is in excess of $75,000, exclusive of interests and costs.

24. In her Amended Complaint, Plaintiff states that she is seeking damages in *excess* of $10,000. *See* Amended Complaint, ¶26. In addition, Plaintiff also contends that she is seeking (1) reimbursement of future medical expenses and prescription drug costs; (2) damages for future mental suffering; (3) reimbursement of past medical expenses and prescription drug costs; and (4) attorneys' fees. *Id*. Plaintiff's Amended Complaint does not limit the recovery to any amount. *Id*.

25. Based on the foregoing, and consistent with case law in this Circuit, the preponderance of the evidence demonstrates that the amount in controversy in this action is in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs. *See Larsen v. Assurant Health*, 2009 U.S. Dist. LEXIS 63799, *3 (W.D.N.C. 2009)(denying plaintiff's motion to remand where plaintiff's compensatory damages valued at $23,000, and she also sought punitive damages and attorneys' fees); *Crespo v. Delta Apparel, Inc.*, 2008 U.S. Dist. LEXIS 67303, *4-5 (W.D.N.C. 2008)(denying plaintiff's motion to remand where plaintiff requested sufficient damages, including punitive damages, to satisfy the amount in controversy threshold for diversity jurisdiction); *see also Morgan v. Allianz Life Ins. Co. of N. Am.,* 1998 U.S. App.

LEXIS 11811, *1 (4th Cir. 1998)(determining that the amount in controversy requirement of 28 U.S.C. §1332 was satisfied by including plaintiff's claim for punitive damages).

26. Thus, pursuant to 28 U.S.C. § 1332 and 1441(b), Defendant may appropriately remove this action because: (1) there is complete diversity of citizenship between Plaintiff and the only proper Defendant, Wells Fargo; and (2) Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

WHEREFORE, based on the foregoing, Defendants, by counsel, hereby remove the State Court Action to this Court.

This the 3rd day of September 2015.

Respectfully submitted,

/s/ Meredith A. Pinson
Kimberly Q. Cacheris (N.C. Bar No. 20087)
kcacheris@mcguirewoods.com
Meredith A. Pinson (N.C. Bar No. 39990)
mpinson@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
704.373.8954
704.373.8825 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the court using the CM/ECF system. I also hereby certify that the foregoing document was duly served upon Plaintiff in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, as well as via Federal Express addressed as follows:

>Cedric R. Perry (N.C. Bar No. 10467)
>301 S. Church Street
>Station Square, Suite 168
>Rocky Mount, North Carolina 27804
>
>*Counsel for Plaintiff*

This the 3rd day of September 2015.

>/s/ Meredith A. Pinson
>Kimberly Q. Cacheris (N.C. Bar No. 20087)
>kcacheris@mcguirewoods.com
>Meredith A. Pinson (N.C. Bar No. 39990)
>mpinson@mcguirewoods.com
>MCGUIREWOODS LLP
>201 North Tryon Street, Suite 3000
>Charlotte, North Carolina 28202
>704.373.8954
>704.373.8825 (Facsimile)
>
>**ATTORNEYS FOR DEFENDANT**