IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-432-D

| | |
|---|---|
| DEBRA S. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WELLS FARGO COMPANY, ) | |
| and JOSHUA HODGIN, ) | |
| ) | |
| Defendants. ) | |

On September 4, 2015, Wells Fargo Company and Joshua Hodgin ("defendants") moved to dismiss Debra S. Jones's ("Jones" or "plaintiff") amended complaint for failure to state a claim upon which relief can be granted. See [D.E. 9]; Fed. R. Civ. P. 12(b)(6). On September 15, 2015, Jones filed a motion to remand alleging a lack of diversity jurisdiction. See [D.E. 14]; 28 U.S.C. § 1332(a). On October 5, 2015, defendants responded in opposition to Jones's motion to remand. See [D.E. 17]. As explained below, the court denies Jones's motion to remand and grants defendants' motion to dismiss.

In Jones's amended complaint, she seeks to recover damages from her supervisor Hodgin and her employer Wells Fargo Company for negligently supervising Jones and exacerbating her mental illness. See Amend. Compl. [D.E. 7-1] ¶¶ 1–25. Jones argues that because she and Hodgin are citizens of North Carolina, diversity jurisdiction does not exist and this court must remand the action to Nash County Superior Court. See [D.E. 15] 1–2.

In opposition to Jones's motion to remand, defendants argue that Hodgin's presence does not defeat diversity jurisdiction because Jones fraudulently joined Hodgin in this action. See, e.g., Sampson v. Leonard, No. 4:10-CV-121-D, 2011 WL 129634, at *2–5 (E.D.N.C. Jan. 12, 2011) (unpublished) (discussing fraudulent joinder); Capparelli v. AmeriFirst Home Improvement Fin. Co.,

535 F. Supp. 2d 554, 559–61 (E.D.N.C. 2008) (same). The court agrees with the defendants. Jones has no possibility of establishing her negligence claims against her supervisor Hodgin under North Carolina law due to the exclusivity provision in North Carolina's worker's compensation statute. See, e.g., N.C. Gen. Stat. § 97-10.1; Sampson, 2011 WL 129634, at *2–5; Allen v. IBM, 308 F. Supp. 2d 638, 643–47 (M.D.N.C. 2004); Pleasant v. Johnson, 312 N.C. 710, 712–13, 325 S.E.2d 244, 247 (1985); Caple v. Bullard Rests., Inc., 152 N.C. App. 421, 422–28, 567 S.E.2d 828, 830–33 (2002); Wake Cty. Hosp. Sys., Inc. v. Safety Nat'l Cas. Corp., 127 N.C. App. 33, 40–41, 487 S.E.2d 789, 793 (1997). Thus, Jones fraudulently joined Hodgin, and the court dismisses Hodgin as a defendant. See Sampson, 2011 WL 129634, at *2–5.

Next, Jones argues that this court should remand the action to Nash County Superior Court because the amount in controversy does not exceed $75,000. The amended complaint, however, makes clear that the amount in controversy exceeds $75,000. See Amend. Compl., Prayer for Relief [D.E. 7-1] 4–5; cf. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 176 (4th Cir. 2007); Sampson, 2011 WL 129634, at *2. Thus, the court denies Jones's motion to remand.

As for Wells Fargo Company's motion to dismiss, Wells Fargo properly notes that the exclusivity provision in North Carolina's workers' compensation statute bars Jones's negligence claim against Wells Fargo Company. See, e.g., N.C. Gen. Stat. § 97-10.1; Johnson v. Pepperidge Farm, Inc., 23 F.3d 401, 1994 WL 118100, at *4–5 (4th Cir. 1994) (per curiam) (unpublished table decision); Baldwin v. Tradesman Int'l, Inc., No. 5:12-CV-116-FL, 2013 WL 1192314, at *4–5 (E.D.N.C. Mar. 22, 2013) (unpublished); Southern ex rel. Estate of Southern v. Metromont Materials, LLC, 331 F. Supp. 2d 386, 393–95 (W.D.N.C. 2004); Richmond v. Indalex Inc., 308 F. Supp. 2d 648, 665–71 (M.D.N.C. 2004); Zocco v. U.S. Dep't of Army, 791 F. Supp. 595, 598 (E.D.N.C. 1992); Abernathy v. Consol. Freightways Corp., 321 N.C. 236, 238–42, 362 S.E.2d 559, 561–62 (1987). Furthermore, Jones has not plausibly alleged that her work environment falls within

2

the extraordinarily narrow exception to the exclusivity provision in N.C. Gen. Stat § 97-10.1 that the Supreme Court of North Carolina recognized in Woodson v. Rowland, 329 N.C. 330, 337, 407 S.E.2d 222, 226 (1991). See, e.g., Richmond, 308 F. Supp. 2d at 665–71; Allen, 308 F. Supp. 2d at 644–46; Caple, 152 N.C. App. at 428, 567 S.E.2d at 833–34; Wake Cty. Hosp. Sys., Inc., 127 N.C. App. at 40–41, 487 S.E.2d at 793. Accordingly, the court grants Wells Fargo Company's motion to dismiss.

In sum, the court DENIES plaintiff's motion to remand [D.E. 14] and GRANTS defendants' motion to dismiss [D.E. 9].

SO ORDERED. This 8 day of October 2015.

JAMES C. DEVER III
Chief United States District Judge

3